## WKAP, Inc., v. Hudson-Allentown Motors, Inc.

*Bernard Naef*, for plaintiff.
*Milton Lowy*, for defendant.

HENNINGER, P. J., November 26, 1951.—Plaintiff sued defendant for the balance due on a written agreement between the parties for radio advertising. The claim is for the total of the contract less a few dollars for mutually agreed reduction in the number of broadcasts, less the amount received from defendant, leaving a balance of $293.34 due on a contract for $1,056.

Defendant filed preliminary objections of which only two need any consideration: (1) Defendant was to be responsible for only one half of the cost and has paid more than half; (2) joint contract, but suit against defendant alone.

Both objections depend upon the words in the contract:

"Additional Instructions Bill ½ of monthly charge to Hudson-Allentown Motors, Inc., 26 N. Fifth St., Allentown, Pa. Bill ½ of monthly charge to Hudson-Bethlehem Motors, Inc., 1902 W. Broad St., Bethlehem, Pa."

Plaintiff contends that this provision does not relieve defendant, its sole contracting party, from abso-

lute liability for all the services for which it contracted.

Defendant on the other hand contends that it renders the contract a joint one between Hudson-Allentown and Hudson-Bethlehem on the one hand and WKAP on the other and that each is answerable only for its own one half.

The first contention is untenable because Hudson-Bethlehem is not a party to the contract.

The language quoted is equivocal and subject to oral evidence operating either to relieve Hudson-Allentown or to make it surety for Hudson-Bethlehem or showing the contract as a mere device between the two Hudson companies to share the cost of advertising. Standing by itself it neither bars plaintiff from recovery of the entire amount from defendant nor precludes the possibility that plaintiff was willing and contracted to hold each for only one half of the cost.

Defendant's payment of more than one half of the contract price would not be conclusive of its relief from further payment in any event. The charges are: October 1949, $183.34; November 1949, $190.66; December 1949, $198; January 1950, $190.66; February 1950, $176; March 1950, $117.34. The credits a February 1950, $91.67; April 1950, $187; May 1950, $95.33; June 1950, $99; August 1950, $289.66.

It will be noted that the balance due, $293.34, is the exact amount of the February and March charge. A study of the credit bears this out. The first one is one half of the charge for October 1949; the second one half of the charges for October and November 1949; the third one half of the charge for January 1950; the fourth one half of that for December 1949 and the last one half of the charges for November and December 1949 and January 1950, leaving open the entire charges for February and March 1950, the amount sued for.

Defendant, unless it can otherwise explain the payments made would, therefore, even on its theory of the case, be indebted to plaintiff for one half of the balance due. In that case any defense would have to be made on the merits of the case and the problems raised can be disposed of at trial.

Now, November 26, 1951, defendant's preliminary objections are dismissed and defendant is ordered to answer on the merits within 20 days after service of this order on its counsel.